GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN C. HAKALA
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kevin.hakala@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

APR - 5 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00259-PHX-DLR (ESW) |
| Plaintiff, | |
| vs. | **INDICTMENT** |
| 1. Arnold Jesse Cervantes, | VIO: 18 U.S.C. § 371 (Conspiracy to Engage in the Outbound Smuggling of Firearms from the United States & Making False Statements to Acquire Firearms) (Count 1) |
| 2. Cristian Alam Uriarte-Oropeza, | |
| 3. Carlos Armando Valencia-Arellano, aka Carlos Armando Valencia-Arrellano, | |
| 4. Gerardo Flores-Gama, | 18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |
| 5. Jesus Antonio Licona, | |
| Defendants. | |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

## COUNT 1

### INTRODUCTION

1. Only licensed firearms importers, manufacturers, or dealers may engage in the business of dealing in firearms or in the course of such business may ship or transport firearms in interstate or foreign commerce.

2.    The transport, shipment, and exportation of defense articles on the United States Munitions List requires a license or written consent from the United States Department of State.    At all times relevant to this indictment, non-automatic, semi-automatic, and fully automatic firearms to caliber .50 inclusive, and all components and parts for such firearms, were classified as defense articles on the United States Munitions List.

3.    At all times relevant to this indictment, ARNOLD JESSE CERVANTES, CRISTIAN ALAM URIARTE-OROPEZA, CARLOS ARMANDO VALENCIA-ARELLANO, GERARDO FLORES-GAMA, and JESUS ANTONIO LICONA, were not licensed under the provisions of Chapter 44 of Title 18, United States Code to deal in firearms, and did not possess a license or written consent from the United States Department of State to export defense articles on the United States Munitions List.

4.    At all times relevant to this indictment, ARNOLD JESSE CERVANTES, CRISTIAN ALAM URIARTE-OROPEZA, CARLOS ARMANDO VALENCIA-ARELLANO, GERARDO FLORES-GAMA, and JESUS ANTONIO LICONA, knew, and had reasonable cause to believe, that persons residing in Mexico were not residents of the State of Arizona.

5.    At all times relevant to this indictment, Federal Firearms Licensees (FFLs) A and B ("FFL Dealers A and B"), were businesses licensed under the provisions of Chapter 44 of Title 18, United States Code.  As such, the provisions of Chapter 44 of Title 18 required FFLs A and B to maintain certain records of firearms transactions, including Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record.  Form 4473 requires a firearms purchaser truthfully to provide certain information, including the purchaser's residential address and whether the person making the purchase is the true purchaser of the firearm.

///

///

- 2 -

**The Conspiracy to Procure and Smuggle Firearms to Mexico**

6.     Beginning in 2016, and continuing until on or about April 12, 2017, in the District of Arizona and elsewhere, the defendants, ARNOLD JESSE CERVANTES, CRISTIAN ALAM URIARTE-OROPEZA, CARLOS ARMANDO VALENCIA-ARELLANO, GERARDO FLORES-GAMA, and JESUS ANTONIO LICONA, did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit the following offenses against the United States:

(1) Title 18, United States Code, Section 924(a)(1)(A) (Making False Statements in Connection with the Acquisition of a Firearm);

(2) Title 18, United States Code, Section 554(a) (Unlawful Outbound Smuggling of Firearms from the United States in Violation of any Law or Regulation of the United States, to wit: Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1).

7.     Beginning in 2016 and continuing until on or about April 12, 2017, ARNOLD JESSE CERVANTES, CRISTIAN ALAM URIARTE-OROPEZA, and CARLOS ARMANDO VALENCIA-ARELLANO, unlawfully conspired to acquire and procure firearms at the direction of and on the behalf of other individuals not residing in Arizona in exchange for payment, through the use of false statements and representations in the acquisition of the firearms, in violation of 18 U.S.C. § 924(a)(1)(A).

8.     Further, beginning in 2016 and continuing until on or about April 12, 2017, ARNOLD JESSE CERVANTES, CRISTIAN ALAM URIARTE-OROPEZA, and CARLOS ARMANDO VALENCIA-ARELLANO, conspired to illegally acquire and procure firearms for the purpose and with the intention of transporting, exporting, and smuggling, and attempting to transport, export, and smuggle, illegally obtained firearms from the United States to Mexico contrary to federal law and regulations; and otherwise

facilitated the transportation, concealment, sale, and export of illegally acquired firearms from the United States to Mexico contrary to federal law and regulations, including (i) federal firearms laws and regulations, and (ii) U.S. export control laws and regulations, specifically exporting and sending, and attempting to export and send, from the United States to Mexico, firearms, without having applied for or obtaining any export license from the Department of State, in violation of 18 U.S.C. § 554.

**Purpose of the Conspiracy**

9.    The purpose of this conspiracy was to (i) unlawfully acquire and procure firearms at the direction of and on the behalf of other individuals not residing in Arizona in exchange for payment, (ii) by means of the use of false statements and representations that were made with the intent that said false statements and representations would be submitted into the records required by law to be kept by federally licensed firearms dealers; and (iii) illegally export and smuggle firearms to the true purchasers and end users who resided in Mexico; specifically, with regard to the false statements and representations used in the purchase of each firearm, that the individual completing the record was the actual transferee/buyer of the firearm and was not acquiring the firearm on behalf of another person, when in fact the individual completing the record was acquiring the firearm on behalf of another person.  The firearms acquired in this manner included:

- Yugo Century Arms, model AK-47, 7.62 x 39 mm rifle, serial number NPDF005779
- Century Arms, model AK-M47, 7.62 x 39 mm rifle, serial number NPDF006923
- Century Arms, model AK63DS, 7.62 x 39 mm rifle, serial number AK63DS-F04044
- I.O. Inc., model AKM247 7.62 x 39 mm rifle, serial number SOZ1557
- Century Arms, model AK-47 Mini Draco, 7.62 x 39 mm pistol, serial number PD-8292-2016
- Colt, model LE6920-OEMI 5.56 rifle, serial number LE558393
- Walther Arms, model 1911-Railgun, .22 caliber pistol, serial number WD036463
- Walther, model Colt 1911-A1, .22 caliber pistol, serial number LK022215
- KelTec, model PMR 30, .22 caliber pistol, serial number WWCH15
- Century Arms, model RAS 47, 7.62 x 39 mm pistol, serial number RAS47P004113
- KelTec, model PMR 30, .22 WMR caliber pistol, serial number WWE631
- Walther, model Colt 1911-A1, .22 LR caliber pistol, serial number WD035987

**The Means and Methods of the Conspiracy**

10. The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that certain co-conspirator defendants would receive orders and directions regarding the procurement of firearms from prospective purchasers who resided in the Republic of Mexico for the delivery to, and use in, Mexico.

It was further part of the conspiracy that certain co-conspirator defendants would purchase firearms from federally licensed firearms dealers in the District of Arizona.

It was a further part of the conspiracy that the co-conspirator defendants would purchase firearms at the direction of, and on behalf of, the other co-conspirators and/or defendants in exchange for payment to support this procurement business and operation.

It was a further part of the conspiracy that, in purchasing the firearms, these co-conspirator defendants would make false statements and representations to the federally licensed firearms dealers. In connection with each illegal purchase of a firearm, the purchasing defendant would state that he was the actual transferee/buyer of the firearm(s).

It was a further part of the conspiracy that certain defendants and/or co-conspirators would provide vehicles for use in the purchase of the firearms, and/or would transport other defendants to the businesses of the federally licensed firearms dealers in order to purchase the firearms.

It was a further part of the conspiracy that the co-conspirator defendants and other co-conspirators would illegally acquire and procure firearms for the purpose and with the intention of transporting and exporting said illegally obtained firearms to the true purchasers and end users in Mexico in violation of federal law and regulations; and otherwise facilitate the transportation, concealment, and sale of said firearms to Mexico in violation of federal law and regulations.

It was a further part of the conspiracy that, following each firearm purchase, the purchasing co-conspirator defendant would, together with other persons known and

unknown to the grand jury, conspire, confederate and agree to knowingly export and send, and attempt to export and send, from the United States said firearms to Mexico without having applied for or obtaining any necessary export license from the Department of State.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

a) On December 8, 2016, and again on January 19, 2017, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased two pistols, from FFL Dealer A and represented that he was the actual purchaser of the firearms when in fact he was acquiring the firearms on behalf of other defendants and co-conspirators.

b) Again on December 8, 2016, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased one pistol, from FFL Dealer B and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

c) On January 28, 2017, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased one rifle, from FFL Dealer B, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

d) On February 14, 2017, after receiving instructions from CARLOS ARMANDO VALENCIA-ARELLANO and another co-conspirator, GERARDO FLORES-GAMA traveled to the business of FFL Dealer A accompanied by the other co-conspirator, and purchased one rifle, wherein he represented that he was the actual

purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

e) On and before February 14, 2017, GERARDO FLORES-GAMA learned that the other defendants and co-conspirators for whom he purchased the firearm had the intent and were planning to deliver the firearm to the real purchaser and end user who resided in Sinaloa, Mexico, in violation of federal laws.

f) On February 15, 2017, after receiving instructions from CARLOS ARMANDO VALENCIA-ARELLANO and other co-conspirators, GERARDO FLORES-GAMA purchased one pistol, from FFL Dealer B, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

g) On March 10, 2017, after receiving instructions from CARLOS ARMANDO VALENCIA-ARELLANO and other co-conspirators, GERARDO FLORES-GAMA purchased one rifle, from FFL Dealer A, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

h) On March 16, 2017, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased one pistol, from FFL Dealer A, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

i) On March 30, 2017, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased two pistols, from FFL Dealer A, and represented that he was the actual purchaser of the firearms when in fact he was acquiring the firearms on behalf of other defendants and co-conspirators.

j) On April 7, 2017, after receiving instructions from ARNOLD JESSE CERVANTES, CARLOS ARMANDO VALENCIA-ARELLANO purchased one rifle, from FFL Dealer B, and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

k) On April 8, 2017, CARLOS ARMANDO VALENCIA-ARELLANO drove JESUS ANTONIO LICONA to FFL Dealer A so that JESUS ANTONIO LICONA could purchase a firearm on behalf of other defendants and co-conspirators.

l) On April 8, 2017, after receiving instructions from CARLOS ARMANDO VALENCIA-ARELLANO, JESUS ANTONIO LICONA purchased one rifle from FFL Dealer A and represented that he was the actual purchaser of the firearm when in fact he was acquiring the firearm on behalf of other defendants and co-conspirators.

m) Beginning in or around January 2017 and continuing until on or about April, 2017, ARNOLD JESSE CERVANTE and CRISTIAN ALAM URIARTE-OROPEZA concealed firearms in their vehicles and transported them to unnamed co-conspirators who resided in Mexico.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Count one of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Count one of this Indictment, the defendant(s) shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be

used, in any manner or part, to commit, or to facilitate the commission of such offense. If any of the forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_s/_
FOREPERSON OF THE GRAND JURY
Date:  April 5, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

_s/_
KEVIN C. HAKALA
Assistant United States Attorney