GARY M. RESTAINO
United States Attorney
District of Arizona

ABBIE BROUGHTON MARSH
Assistant U.S. Attorney
California State Bar No. 226680
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Abbie.Broughton.Marsh@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-22-00259-PHX-DLR-1 |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | |
| 1. Arnold Jesse Cervantes | |
| Defendant. | |

Defendant is scheduled to be sentenced on January 19, 2024, following his guilty plea to the Indictment charging him with Conspiracy to Engage in Making False Statements to Acquire Firearms, in violation of Title 18, United States Code, Sections 371 and 924(a)(1)(A) in CR-22-01335-PHX-DLR (Doc.167). The PSR correctly calculates Defendant's final post-departure guideline range as 57 to 60 months and the cap under the plea agreement as 36 months. (PSR, Doc. 167 p. 18).

I.     Facts

From the end of 2016 to April of 2017, Defendant and his friend and co-defendant Uriarte-Orpeza worked together to illegally procure and export at least twelve firearms to Mexico using three straw purchasers. PSR ¶ 8. Although Defendant is a United States citizen, at the time of the crime he lived in Mexico and learned that he could not purchase firearms without a United States address, so he recruited co-defendant Valencia-Arellano

to purchase firearms and provide them for payment of $200 to $300 per firearm. PSR ¶ 8. Valencia-Arellano went on to recruit two other purchasers. PSR ¶ 7. Defendant admitted that he smuggled some of the firearms to Mexico himself and provided them to Uriarte-Orpeza who passed them on to other individuals. PSR ¶ 8. Defendant initially admitted to investigating agents from the Bureau of Alcohol, Tobacco, and Firearms (ATF), that he knew the firearms were going to an individual in Sinaloa, Mexico. PSR ¶ 8. Defendant later recanted that statement and said that he made it up and he didn't know where the firearms were ultimately going, but that he was coordinating and smuggling the firearms to assist his friend, Uriarte-Orpeza, who he believed was in some sort of trouble.  Doc. 168 at 7.

Defendant consented to a search of his phone when he was originally interviewed in 2017.  The contents of his phone are more consistent with his initial statement. His phone contained messages and photos coordinating the straw purchase of firearms, recruiting and working with the two lower level straw purchasers, and coordination of smuggling those firearms to Mexico. PSR ¶ 10.  Evidence from his phone also corroborates that he wand Uriarte-Orpeza profited approximately $250 per firearm after paying the straw purchaser. PSR ¶ 10.

Three of the straw purchased firearms were later recovered by Mexican authorities in a search of a home in Culiacan, Sinaloa, Mexico. PSR ¶ 16.

### II. Government's Sentencing Recommendation

The United States agrees with the Defendant that his performance on pretrial release and the time that passed between the crime, charging, and now sentencing, warrant consideration in favor of a lesser sentence. However, the seriousness of the defendant's conduct, his role in the offense, and his inconsistent statements regarding his criminal conduct weigh in favor of a custodial sentence.

The Sentencing Guidelines should be considered as "the starting point and the initial benchmark" for sentencing.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the Sentencing Guidelines range, the "district court should then consider the §

3553(a) factors to decide if they support the sentence suggested by the parties," including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).  Title 18, United States Code, Section 3553(a) requires this Court to impose a sentence "sufficient but not greater than necessary," based on the following factors:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed —
>
> > (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B)    to afford adequate deterrence to criminal conduct;
> > (C)    to protect the public from further crimes of the defendant; and
> > (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Upon examining the factors set forth in § 3553(a), a sentence of 24 months constitutes a fair and just sentence, which is within the sentencing guidelines and is sufficient but not greater than necessary. In this case, the § 3553 factors counsel in favor of a sentence below the guideline range but requiring some custodial time.

The guideline range for this defendant is high. That range is based on the number of trafficked firearms and his undeniable leadership role in the offense. It is also troubling that some of the firearms were recovered in Mexico in a police search.

Defendant notes that his memory may have been affected by the serious vehicle accident he suffered after the crime. While that is also a factor in mitigation, Defendant's current version of events is inconsistent with those of his co-defendants and the corroborating evidence in his phone. His mis-recollection may be explainable, but the evidence shows he played a larger role than he now claims.

Defendant also highlights his performance on pretrial release and his consistent employment.  That certainly weighs in favor of a downward variance, even a substantial

one. It is difficult to justify a probation sentence despite how well Defendant has performed, even given the length of time it took to get this case charged. The United States Sentencing Guidelines point to a sentence of nearly 5 years as the starting point for this conduct.  The United States has already agreed to a cap at 36 months and is recommending a sentence of 24 months, less than half that recommended under the guidelines.  The need to consider the seriousness of the offense and to achieve general deterrence support a custodial sentence.

### III.     Sentencing Recommendation

For the aforementioned reasons, the United States concurs with the probation department and recommends a sentence of 24 months of incarceration which is sufficient, but not greater than necessary, to reflect the seriousness of the offense. *See* 18 U.S.C. §3553(a).

Respectfully submitted this 17th day of January 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Abbie Broughton Marsh*
ABBIE BROUGHTON MARSH
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024 I filed this document through the Court's electronic filing system notifying:

Phillip Seplow, counsel for Defendant

*s/Abbie Broughton Marsh*
U.S. Attorney's Office

- 4 -